UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

DEC 7 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal No. **M-16-1746** |
| NOE OLVERA | § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One

On or about October 15, 2014, in the Southern District of Texas and within the jurisdiction of the Court, the defendant,

**NOE OLVERA**

being a public official or person selected to be a public official, that is, a United States Postal Service employee, did directly or indirectly, corruptly demand, seek, receive, accept, or agree to receive or accept anything of value, that is, approximately $1,000 of United States currency, personally or for any other person or entity, in return for being induced to do an act in violation of his official duty; that is, to provide a list of United States Postal Service postal patrons and their addresses to Yolanda Hidrogo.

In violation of Title 18, United States Code, Section 201(b)(2)(C), Title 39, United States Code, Section 412, and Title 18, United States Code, Section 2.

### Count Two

On or about October 16, 2014, in the Southern District of Texas and within the jurisdiction of the Court, the defendant,

**NOE OLVERA**

being a public official or person selected to be a public official, that is, a United States Postal Service employee, did directly or indirectly, corruptly demand, seek, receive, accept, or agree to receive or accept anything of value, that is, approximately $200 of United States currency, personally or for any other person or entity, in return for being induced to do an act in violation of his official duty; that is, to provide a list of persons that he purported to be of United States Postal Service postal patrons to Yolanda Hidrogo.

In violation of Title 18, United States Code, Section 201(b)(2)(C), Title 39, United States Code, Section 412, and Title 18, United States Code, Section 2.

## Notice of Forfeiture

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the Defendant that upon conviction of a violation of Title 18, United States Code Section 201(b)(2)(C) all property, real or personal, which constitutes or is derived from proceeds traceable to the offense is subject to forfeiture. The property subject to forfeiture, includes, but is not limited to at least $1,200.00.

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot by divided without difficulty,

the United States of America will seek to forfeit any other property of the Defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
Assistant United States Attorney